IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Civil No. 1:14-cv-1474 |
| **Plaintiff,** | : | |
| v. | : | |
| **COMMONWEALTH OF PENNSYLVANIA and PENNSYLVANIA STATE POLICE,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## **M E M O R A N D U M**

Presently before the court is Defendants' Motion for Reconsideration (Doc. 132) of this court's October 2, 2017 memorandum and order (Docs. 129 & 130), in which the court granted Plaintiff's motion for partial summary judgment. For the reasons stated below, the court will deny Defendants' motion.

## I. **Legal Standard**

A motion for reconsideration may be filed under Local Rule 7.10 within fourteen days after the entry of the order concerned. L.R. 7.10. The Third Circuit has held that such a motion may be granted if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Mere

dissatisfaction with the court's ruling is not a proper basis for reconsideration. *Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). A motion for reconsideration is not to be used as a vehicle for the losing party to rehash legal arguments previously considered and rejected. *Dougherty v. Farmers New Century Ins. Co.*, Civ. No. 06-cv-0098, 2007 WL 1074756, * 2 (M.D. Pa. Apr. 9, 2007); *Qazizadeh v. Pinnacle Health Sys.*, 14-cv-2037, 2016 WL 5787352, *2 (M.D. Pa. Oct. 4, 2016). In addition, "[a] party's failure to present [its] strongest case in the first instance does not entitle [it] to a second chance in the form of a motion [for reconsideration]." *Id.* (citations omitted). Therefore, such motions are not appropriate if the movant only intends that the court hear new arguments or supporting facts. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)). The reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

**II.     Discussion**

The facts and procedural history of this case are well known to the parties and are described in detail in the court's October 2, 2017 memorandum and order. (Docs. 129 & 130). As such, the court need not recite them here.

In the instant motion for reconsideration, Defendants Commonwealth of Pennsylvania and the Pennsylvania State Police (collectively, "Defendants") argue

that the court's October 2, 2017 memorandum and order should be reconsidered on four grounds. (Doc. 137.) The court will address each in turn.

### A. The court erred in applying the summary judgment standard

According to Defendants, the court erred in three areas of summary judgment law in granting Plaintiff's motion. (Doc. 137, pp. 6-10 of 24.) First, the court purportedly did not apply the proper summary judgment standard to the party that had the burden of proof. (*Id.* at 6 of 24.) Second, Defendants argue that they are entitled to have all favorable inferences and doubts resolved in their favor, which the court failed to do. (*Id.* at 7-8 of 24.) Lastly, Defendants insist that the court improperly weighed the evidence.[1] (*Id.* at 8-10 of 24.)

The court is well aware of the legal standard for summary judgment motions, including when a cross-motion is filed by a plaintiff, and at all times followed that standard in its opinion. *See, e.g.*, *Jarzyna v. Home Props., L.P.*, 114 F. Supp. 3d 243, 252 (E.D. Pa. 2015) (specifically noting that the "guidelines governing summary judgment are identical when addressing cross-motions for summary judgment"). Although the court ultimately concluded that no *genuine* issue of *material* fact exists as to prong one of Title VII's burden shifting test, the court carefully weighed the evidence in a light most favorable to Defendants. Upon

---

[1] While Defendants further claim that their experts presented genuine disputes of material facts that precluded summary judgment in Plaintiff's favor (*id.* at 6-7 of 24), they also present this argument as an independent ground for reconsideration, and thus the court will address it as such. *See infra* Section II.B.

review of its opinion, the court finds no clear error of law or fact in its application of the summary judgment standard.

### B. The court erred in failing to recognize genuine issues of material fact

Next, Defendants argue that the expert reports of Dr. Fairley, Dr. Palmer-Morrel-Samuels, and Dr. Stone created "at least twelve genuine disputes of material fact regarding Dr. Madden's methods and calculations," and that the court erroneously placed a burden of persuasion regarding statistical evidence on Defendants. (Doc. 137, p. 10 of 24.) In this regard, Defendants devote much of their attention to rehashing their experts' opinions that Dr. Madden's report is fundamentally flawed and that the very existence of such criticism "per se" creates an issue of material fact.

A factual dispute is "material" if it might affect the outcome of the suit under the applicable substantive law, and "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The points Defendants rehash are neither material nor genuine to the ultimate question the court decided – whether Plaintiff established a *prima facie* case of disparate impact discrimination under prong one of Title VII's three-prong burden shifting test. There is no actual dispute regarding the critical fact in this prong one analysis that women pass the 2003 PRT and 2009 PRT at statistically

significantly lower rates than men. (*See* Doc. 129, pp. 25-30.) Indeed, two of Defendants' own experts, Dr. Brice Stone and Dr. William Fairley, found that women's pass rates for both the 2003 PRT and the 2009 PRT are statistically significantly lower than those of men.

While Defendants attempt to muddy the waters by arguing that the "only burden the Commonwealth ever has in this case is one of production, not persuasion," citing *Watson v. Fort Worth Bank & Trust*, 487 U.S. 877 (1988) (Doc. 137, p. 11 of 24), Defendants' reliance on *Watson* for this proposition is misguided as the Civil Rights Act of 1991 abrogates this portion of *Watson* and shifts the burdens of production and persuasion on a defendant in prong two to show a business necessity for the practice that causes a disparate impact.[2] *See Phillips v. Cohen*, 400 F.3d 388, 397-98 (6th Cir. 2005) (citing 42 U.S.C. § 2000e-2(k)(1)(A)) (explaining the portion of *Watson* that was abrogated). As for prong one, the court never placed the burden of proof on Defendants during its analysis, but, as in any case, once Plaintiff provided sufficient evidence to meet its *prima facie* burden, it was necessary for Defendants to show why that evidence was insufficient. *See Nat'l State Bank v. Fed. Reserve Bank of N.Y.*, 979 F.2d 1579, 1581 (3d Cir. 1992). Defendants failed to do so. Instead, despite emphasizing the varying methodologies, differing expert opinions, or allegedly incorrect assumptions,

---

[2] The burden shifts to the defendant only once the plaintiff proves a *prima facie* case.

5

Defendants' own experts, using their own methods and assumptions, found statistical significance. In sum, Defendants have presented no new evidence or analysis that requires the court to reconsider its decision in this regard.

### C. The court erred in finding causation

Much like other arguments presented in their motion, Defendants offer conclusory statements without any legitimate analysis averring that Plaintiff did not meet its burden of showing causation. (*See* Doc. 137, pp. 15-16 of 24.) Defendants continue to conflate the causation standards for disparate impact discrimination and disparate treatment discrimination by relying on disparate treatment case law. Causation under a theory of disparate impact is proven by statistical evidence, which courts within the Third Circuit typically measure in terms of probability levels and units of standard deviation. *Stagi v. Nat'l R.R. Passenger Corp.*, 391 F. App'x 133, 137, 140 (3d Cir. 2010). As addressed at length in its memorandum granting partial summary judgment, Plaintiff provided sufficient evidence of causation by showing that the difference in pass rates between men and women is statistically significant in terms of both probability levels and units of standard deviation. (Doc. 129, pp. 19-30.)

### D. The court erred in considering Dr. Madden's expert report

Defendants' final argument is that Plaintiff's expert report is inadmissibly inconsistent with the facts of Plaintiff's case. Once again, Defendants are

attempting to get a second bite of the apple by rearguing their summary judgment position that Dr. Madden's opinion is inconsistent with another of Plaintiff's experts, Dr. McArdle, who does not present any opinion relating to the prong one analysis. Additionally, there is a glimmer of a *Daubert* challenge laced within Defendants' repeated assertions that the court made a clear error of law. The court will not disturb its ruling based on repeated arguments and a whiff of a *Daubert* challenge that should have been presented earlier in this litigation.

## III. Conclusion

A motion for reconsideration may not be used as means to argue unsuccessful theories, as Defendants did here. *See Banks v. Dove*, 06-cv-2286, 2007 WL 1704659, *1 (M.D. Pa. June 12, 2007) (citing *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001)). It is evident that Defendants are dissatisfied with the court's ruling, but dissatisfaction is not an appropriate reason to utilize the court's time and resources with a motion rehashing previously raised arguments. Because Defendants have not showed an intervening change in controlling law, new evidence, or the need to correct a clear error of law or fact, or to prevent manifest injustice, the court will deny Defendants' motion for reconsideration.

An appropriate order will issue.

s/Sylvia Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: March 8, 2018